IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CITY OF MIAMI GARDENS, a Florida
municipal corporation, and SKANSKA USA
BUILDING, INC., a foreign corporation,

    Plaintiffs,

v.

AECOM C&E, INC. f/k/a URS
CORPORATION SOUTHERN, a foreign
corporation, and MARK W. ZIMPELMAN, an
individual,

    Defendants.
_____/

CIVIL ACTION

Case No. 1:15cv23334

### DEFENDANT MARK W. ZIMPELMAN'S NOTICE OF REMOVAL

Defendant MARK W. ZIMPELMAN ("Zimpelman"), pursuant to 28 U.S.C. § 1441, files this Notice of Removal of this action to the United States District Court for the Southern District of Florida from the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida where the action is now pending, and states:

1. On July 29, 2015, Plaintiffs City of Miami Gardens ("City") and Skanska USA Building, Inc. ("Skanska") filed this action in the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Case No. 2015-017274-CA-01 (the "State Action").

2. Defendant Mr. Zimpelman was served on August 5, 2015.

3. Defendant AECOM C&E, Inc. was served on August 11, 2015.

4. Venue is proper in this Court because it is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000. Therefore, this action is removable pursuant to 28 U.S.C. § 1441.

## I. DIVERSITY OF CITIZENSHIP

6. At the time of the filing of the Complaint, and the time of filing this Notice, Plaintiff City was a Florida municipal corporation. Compl. ¶ 2. A municipal corporation is a citizen of the state for diversity purposes. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes."). Therefore, the City is a citizen of Florida.

7. At the time of filing the Complaint, and the time of filing this Notice, Plaintiff Skanska was a corporation organized, formed, and incorporated in and under the laws of Delaware, having its principal place of business in New Jersey. A Certificate confirming Skanska's status from the Delaware Secretary of State is attached as Exhibit A. Therefore, Skanska is a citizen of Delaware and New Jersey.

8. At the time of filing the Complaint, and the time of filing this Notice, Defendant Mr. Zimpelman was an individual residing in and domiciled in Virginia. Compl. ¶ 6. *See* Affidavit of Mark W. Zimpelman attached as Exhibit B ("Zimpelman Affidavit"). Therefore, Mr. Zimpelman is a citizen of Virginia.

9. At the time of filing the Complaint, and the time of filing this Notice, Defendant AECOM C&E, Inc. was a corporation organized, formed, and incorporated in and under the laws of Delaware, having its principal place of business in Massachusetts. A Certificate confirming AECOM C&E, Inc.'s status from the Delaware Secretary of State is attached as Exhibit C. *See*

*also* Affidavit of Jon Mahoney attached as Exhibit D ("Mahony Affidavit"). Therefore, AECOM C&E, Inc. is a citizen of Delaware and Massachusetts.

10. As discussed below, AECOM C&E, Inc.'s citizenship must be disregarded for purposes of diversity and removal because AECOM C&E, Inc. has been fraudulently joined.

11. Complete diversity exists between the City, Skanska, and Mr. Zimpelman in accordance with 28 U.S.C. § 1332.

## II. AMOUNT IN CONTROVERSY

12. The amount in controversy exceeds $75,000.

13. On the face of the Complaint, Plaintiff City alleges damages in excess of $6 million. Compl. ¶ 122, 138, 148, 152, 164.

14. On the face of the Complaint, Plaintiff Skanska alleges damages in excess of $4.9 million. Compl. ¶ 160, 172.

15. Because the amount in controversy exceeds $75,000 and the parties are citizens of different states, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. § 1441.

## III. FRAUDULENT JOINDER OF AECOM C&E, INC.

16. Defendant AECOM C&E, Inc.'s presence in this lawsuit must be ignored for purposes of evaluating diversity because AECOM C&E, Inc. is an improperly added "sham" party.

17. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A defendant's right to removal, however, cannot be defeated by the "fraudulent joinder" of a non-diverse defendant. *Id.* Fraudulent joinder is a judicially created

doctrine that provides an exception to the requirement of complete diversity. *Id.* "If a party is improperly added, that party becomes 'a sham party' and the court disregards that joinder for purposes of removal." *Katz v. Costa Armatori, S.p.A.*, 718 F. Supp. 1508, 1510 (S.D. Fla. 1989) (internal citations omitted).

18.   The Eleventh Circuit has articulated three situations where joinder is improper and not considered for purposes of removal:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. . . . [A] third situation [occurs] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287 (internal citations omitted).

19.   AECOM C&E, Inc. should be ignored for purposes of determining diversity jurisdiction because the first two scenarios of fraudulent joinder are present in the instant action. Joinder of AECOM C&E, Inc. is improper because Plaintiffs have sued the wrong corporate entity. Under the "claim scenario," there is no reasonable possibility that plaintiffs can prove a cause of action against AECOM C&E, Inc. based on the allegations in the Complaint. And under the "actual fraud scenario," Plaintiffs' intermingling of AECOM C&E, Inc. with URS Corporation Southern—a distinct and separate legal entity—throughout the Complaint is intentionally misleading and not supportable following a reasonable inquiry.

**A.   There Is No Possibility of a Claim Against AECOM C&E, Inc. (Claim Scenario)**

20.   The first scenario where courts find that joinder is improper is when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant.

*Triggs*, 154 F.3d at 1287. Joinder is improper here because there is no possibility that Plaintiffs can prove a cause of action against AECOM C&E, Inc.

21.     This type of fraudulent joinder does not focus on, nor depend upon, proof of fraud or lack of candor. It occurs "if a plaintiff names a defendant who eliminates diversity but against whom a successful action in state court is impossible." *Leonhardt v. Geico Cas. Co.*, No. 8:11-CV-1988-T-23TBM, 2011 WL 5359840, at *1 (M.D. Fla. Oct. 28, 2011) (citing *Triggs*, 154 F.3d at 1287); *see also Katz*, 718 F. Supp. at 1513 ("[T]he district court examining fraudulent joinder is not asked to find 'fraud.' The words fraudulent joinder are 'not pejorative but are simply terms designed to meet one of the mechanical tests of diversity.'" (quoting *Harrell v. Reynolds Metals Co.*, 599 F. Supp. 966, 967 (N.D. Ala. 1985)).

22.     While some cases say that there must be "no possibility" of a claim, courts have held this language "cannot be taken literally" and that the standard more accurately is described as requiring a showing that there is "no reasonable possibility" for predicating liability on the claims alleged. *In re Rezulin Products Liab. Litig.*, 133 F. Supp. 2d 272, 280 n.4 & 288 (S.D.N.Y. 2001). This "reasonable basis" standard is applied by the Eleventh Circuit. *See, e.g.*, *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) ("The potential for legal liability must be reasonable, not merely theoretical. . . . Surely, as in other instances, reason and common sense have some role.").

23.     Plaintiffs have filed a seven-count Complaint alleging damages stemming from the design and construction of a new Municipal Complex for the City (the "Project"). Compl. ¶ 8.

24.     According to the Complaint, the City contracted with AECOM C&E, Inc. for AECOM C&E, Inc. to provide professional design and construction administration services for

the Project. Compl. ¶¶ 10–17. Plaintiffs further allege that AECOM C&E, Inc. employed Mr. Zimpelman, and that Mr. Zimpelman was the Professional Engineer responsible for the structural design of the Project. Compl. ¶¶ 18–19.

25. The gravamen of Plaintiffs' Complaint is that the Project design prepared by AECOM C&E, Inc. was deficient, and that AECOM C&E, Inc. failed to provide the professional design services and construction administration services required by its contract. Compl. Counts I–VII.

26. Counts I, II, III, IV, and V are directed against AECOM C&E, Inc. Plaintiffs have raised causes of action for breach of contract (Count I), contractual indemnity (Count II), common law indemnity (Count III), and professional negligence (Counts IV and V) against AECOM C&E, Inc.

27. All of Plaintiffs' claims against AECOM C&E, Inc. are premised upon, and arise out of, AECOM C&E, Inc.'s alleged involvement in the Project and services that AECOM C&E, Inc. allegedly performed (or failed to perform) on the Project.

28. Plaintiffs' allegations cannot support any of their causes of action against AECOM C&E, Inc. because AECOM C&E, Inc. is not, and has never been, involved with the Project and has no connection to Skanska, the City, or any of the allegations in the Complaint. *See* Mahoney Affidavit, ¶¶ 10–14.

29. Simply put, Plaintiffs have sued the wrong defendant.

30. In reality, the City contracted with a legal entity known as URS Corporation Southern. Exhibit 1 to Plaintiffs' Complaint is a Nonexclusive Continuing Professional Services Agreement between the City and URS Corporation Southern (the "Professional Services

6

Agreement") dated February 25, 2009. The Professional Services Agreement is signed by the City and URS Corporation Southern and makes no mention of AECOM C&E, Inc.:

> THIS AGREEMENT is entered into this 25th day of February, 2009, between the City of Miami Gardens, a Florida municipal corporation, (City), and URS Corporation Southern, a California for profit Corporation (Consultant).

Compl., Ex. 1.

31. The Professional Services Agreement does not mention AECOM C&E, Inc. and AECOM C&E, Inc. is not a party to the Professional Services Agreement.

32. Likewise, the Amendment to the Professional Services Agreement attached as Exhibit 3 to the Complaint is between the City and URS Corporation Southern. *See* Compl., Ex. 3. AECOM C&E, Inc. is not a signatory to the Amendment or even mentioned in the Amendment.

33. Plaintiffs do not allege any specific facts explaining why they sued AECOM C&E, Inc. instead of URS Corporation Southern when the written agreements attached to the Complaint clearly establish that the City contracted with URS Corporation Southern, not AECOM C&E, Inc.

34. URS Corporation Southern's corporate name has not changed or been amended. URS Corporation Southern is a corporation organized, formed, and incorporated in and under the laws of California, having its principal place of business in Los Angeles, California. A Certificate confirming URS Corporation Southern's status from the California Secretary of State is attached as Exhibit E. *See also* Affidavit of Carlos Garcia attached as Exhibit F ("Garcia Affidavit").

35. AECOM C&E, Inc. and URS Corporation Southern are not the same entity. AECOM C&E, Inc. is not a successor to URS Corporation Southern. AECOM C&E, Inc. is a

7

distinct legal entity from URS Corporation Southern. *See* Exhibit C; Exhibit E; Mahoney Affidavit, ¶¶ 5–9; Garcia Affidavit, ¶¶ 5–9.

36. AECOM C&E, Inc. does not own, control, or direct any aspect of URS Corporation Southern with respect to the Project. Mahoney Affidavit, ¶ 10. URS Corporation Southern does not own, control, or direct any aspect of AECOM C&E, Inc. with respect to the Project. Garcia Affidavit, ¶ 10.

37. AECOM C&E, Inc. does not hold, and has not held at any time, any contracts with the City of Miami Gardens—or with any other entity—related to the Project. Mahoney Affidavit, ¶ 11.

38. AECOM C&E, Inc. did not enter into the Professional Services Agreement with the City of Miami Gardens, Florida dated February 25, 2009. Mahoney Affidavit, ¶ 12.

39. With respect to the Project, AECOM C&E, Inc. has not provided professional design services, construction administration services, or any other services for the City of Miami Gardens or Skanska USA Building, Inc. Mahoney Affidavit, ¶ 13.

40. Mr. Zimpelman is not currently employed by AECOM C&E, Inc., and AECOM C&E, Inc. has never employed Mr. Zimpelman in any capacity. Mahoney Affidavit, ¶ 14; Zimpelman Affidavit, ¶ 6.

41. Because AECOM C&E, Inc. and URS Corporation Southern are distinct legal entities, because AECOM C&E, Inc. does not hold any contracts with the City related to the Project, because AECOM C&E, Inc. has not provided any services related to the Project or the circumstances described in the Complaint, and because AECOM C&E, Inc. does not employ, and has never employed, Mr. Zimpelman, there is no possibility that Plaintiffs can prove a cause of action against AECOM C&E, Inc. based on the allegations in the Complaint. *See Molenda v.*

*Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, 1300 (S.D. Fla. 1999) *aff'd*, 212 F.3d 600 (11th Cir. 2000) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a 'parent corporation,' so-called because of control through ownership of another corporation's stock, is not liable for the acts of its subsidiaries. Likewise, subsidiary corporations are ordinarily independent of each other. Indeed, the well-settled rule is that a corporation is a separate legal entity and, thus, that separate corporate form cannot be disregarded." (internal citations and quotations omitted)).

42. Accordingly, successful causes of action for breach of contract (Count I), contractual indemnity (Count II), common law indemnity (Count III), and professional negligence (Counts IV and V) are not possible against AECOM C&E, Inc. Plaintiffs' claims against AECOM C&E, Inc. are irredeemably defective.

43. Under these circumstances, AECOM C&E, Inc. is improperly joined and should be ignored for purposes of determining diversity and the propriety of removal.

**B.   There Has Been "Actual Fraud in the Pleading of Jurisdictional Facts" (Actual Fraud Scenario)**

44. Showing outright or actual fraud in the plaintiff's pleading of jurisdictional facts is the second scenario where courts find that joinder is improper. *Triggs*, 154 F.3d at 1287. Joinder is improper here because Plaintiffs have deliberately pled jurisdictional facts that are not supportable following a reasonable inquiry. Plaintiffs' intermingling of AECOM C&E, Inc. with URS Corporation Southern—a distinct and separate legal entity—without explanation, justification, or support is a false representation and misleading.

45. Here, actual fraud in the pleading of jurisdictional facts is apparent from the face of Plaintiffs' Complaint.

46. In the Complaint, Plaintiffs sued "AECOM C&E, INC. f/k/a URS Corporation Southern", Compl. p.1, and throughout the complaint, Plaintiffs refer to AECOM C&E, Inc. as "URS." Plaintiffs then go on to allege that "URS" contracted with the City and provided professional design and construction administration services for the Project. Compl. ¶¶ 10–17.

47. Plaintiffs' attempt to conflate AECOM C&E, Inc. with URS Corporation Southern is nefarious for two reasons. First, Plaintiffs do not allege any facts explaining why AECOM C&E, Inc. is "formerly known as" URS Corporation Southern. Nor could they. URS Corporation Southern exists as a separate and distinct legal entity. *See* Exhibit C; Exhibit E; Mahoney Affidavit, ¶¶ 5–9; Garcia Affidavit, ¶¶ 5–9. Second, Plaintiffs continue the misrepresentation by directing their allegations at "URS," which suggests that URS Corporation Southern is the defendant rather than AECOM C&E, Inc.

48. Plaintiffs knew or should have known that AECOM C&E, Inc. is an independent entity from URS Corporation Southern, and that AECOM C&E, Inc. is not "formerly known as" URS Corporation Southern. A simple search of the California Secretary of State website[1] takes less than one minute and reveals that URS Corporation Southern—the entity on the face of the Professional Services Agreement attached as an exhibit to Plaintiffs' complaint—is an active California corporation.

49. Given that publically available records from the Delaware Secretary of State and California Secretary of State demonstrate that AECOM C&E, Inc. and URS Corporation Southern are separate legal entities, Plaintiffs' joinder of AECOM C&E, Inc. is inappropriate.

---

[1] http://kepler.sos.ca.gov

50. In sum, Plaintiffs' attempt to pass off AECOM C&E, Inc. and URS Southern Corporation as the same entity is intentionally misleading and not supportable following a reasonable inquiry.

51. Under these circumstances, AECOM C&E, Inc. is improperly joined and should be ignored for purposes of determining diversity and the propriety of removal.

## IV.    PROCEDURAL REQUIREMENTS

52. This Notice is filed within the time provided for the removal of actions provided in 28 U.S.C. § 1446(b).

53. Pursuant to 28 U.S.C. § 1446(a), Defendant Mr. Zimpelman is filing under separate cover a copy of all process, pleadings, and orders served in this action.

54. Because AECOM C&E, Inc. has been fraudulently joined, AECOM C&E, Inc. does not need to consent to this removal. *Restivo v. Bank of Am. Corp.*, No. 14-14697, 2015 WL 4100387, at *2 n.5 (11th Cir. July 8, 2015) ("A fraudulently joined defendant need not consent to removal."); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (holding that all properly served defendants must join in petition for removal except for nominal, unknown, or fraudulently joined parties); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (holding that a "party fraudulently joined to defeat removal need not join in removal petition"); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."). Nonetheless, in an abundance of caution, AECOM C&E, Inc. is filing a Notice of Consent to Removal concurrently with this Notice.

55. Defendant Mr. Zimpelman will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

56. Defendant Mr. Zimpelman will file a copy of this Notice with the clerk of court in the State Action as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Mr. Zimpelman requests that this action proceed in this Court as provided by law.

Respectfully submitted this 3rd day of September, 2015.

**SMITH, CURRIE & HANCOCK LLP**

/s/ Daniel M. Carrico
Brian A. Wolf, Esq.
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

Eugene Polyak, Esq.
Florida Bar No. 60921
Primary E-mail: gpolyak@smithcurrie.com
Secondary E-mail: tbrown@smithcurrie.com

Daniel M. Carrico, Esq.
Florida Bar No. 98465
Primary E-mail: dmcarrico@smithcurrie.com
Secondary Email: rweiner@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel:    (954) 761-8700
Fax:    (954) 524-6927

*Attorneys for AECOM C&E, Inc. and Mark W. Zimpelman*