IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CITY OF MIAMI GARDENS, a Florida
municipal corporation, and SKANSKA USA
BUILDING, INC., a foreign corporation,

    Plaintiffs,

v.

URS CORPORATION SOUTHERN, a foreign
corporation, URS CORPORATION, a foreign
corporation, and MARK W. ZIMPELMAN, an
individual,

    Defendants.
_____/

CIVIL ACTION

Case No. 1:15-cv-23334-KMW

## DEFENDANT URS CORPORATION SOUTHERN'S
## MOTION FOR LEAVE TO AMEND COUNTERCLAIM

Defendant URS CORPORATION SOUTHERN ("URS Corporation Southern"), pursuant to Rule 15 of the Federal Rules of Civil Procedure, requests leave to amend its Counterclaim (Dkt.37), and states:

1. URS Corporation Southern seeks to amend its Counterclaim to plead an additional count (Count III) for declaratory relief under 28 U.S.C. §§ 2201 and 2202. URS also seeks to make clarifications to its breach of contract count (Count I) and conform it with Count III.

2. Specifically, with respect to the new Count III, URS Corporation Southern claims that the Prime Contract between Plaintiff, Skanska USA Building, Inc.'s ("Skanska"), and co-Plaintiff, City of Miami Gardens ("City"), is illegal and void as against public policy, and all claims against URS Corporation Southern emanating from the illegal Prime Contract are barred,

because the contract was awarded in violation of Florida's mandatory completive selection law and because the City made material alterations to the contract after it was awarded to Skanska.

3. This Motion is being made prior to the deadline for amending pleadings. Pursuant to the Court's Paperless Order dated February 26, 2016 [Dkt. 55], the deadline for amending pleadings is April 14, 2016.

4. URS Corporation Southern's proposed Amended Counterclaim is attached to this Motion as Exhibit 1.

5. Defendant URS Corporation Southern requests that this Court grant URS Corporation Southern leave to file the Amended Counterclaim attached to this Motion as Exhibit 1, and grant such other and further relief as the Court deems just and proper.

MEMORANDUM OF LAW

Rule 15(a) of the Federal Rules of Civil Procedure states that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or within 21 days after the earlier of service of any responsive pleading or service of a Rule 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2). The court "should freely give leave when justice so requires." *Id*.

It is well settled that amendments to the pleadings should be freely granted in the interests of justice so parties may have a full and fair adjudication of all issues on the merits. Fed. R. Civ. P. 15(a)(2); *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)). Federal courts are required to adhere to a liberal policy of

allowing amendments to pleadings. *Dussouy*, 660 F.2d at 598. Unless there is "substantial reason" to deny leave to amend, the court's discretion is not broad enough to permit denial. *Id*.

It is an abuse of discretion for a trial court to deny a motion for leave to amend unless the record clearly indicates that the amendment would be prejudicial to the opposing party, there has been bad faith or undue delay on the part of the moving party, or the amendment would be futile. *See Forman v. Davis*, 371 U.S. 178 (1962) (finding that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

There is no substantial reason to deny URS Corporation Southern's Motion for leave to amend. Plaintiffs will not suffer any unfair prejudice if this Motion is granted. The parties are in the initial stages of discovery and there have not been any depositions or dispositive Motions. This Motion is being made prior to the deadline for amending pleadings. Pursuant to the Court's Paperless Order dated February 26, 2016, the deadline for amending pleadings is April 14, 2016. [Dkt. 55]. The privilege to amend has not been abused because URS Corporation Southern has not previously amended its Counterclaim. And the amendment would not be futile because URS Corporation Southern seeks to plead a meritorious declaratory relief claim pursuant to 28 U.S.C. §§ 2201 and 2202. In contrast, URS Corporation Southern will be highly prejudiced if it is not permitted to amend its pleading to properly assert all of its potential counterclaims.

Because URS Corporation Southern has a meritorious claim under 28 U.S.C. §§ 2201 and 2202, because the time for amending pleadings has not run, because Plaintiffs will not be prejudiced if this Motion is granted, and because the amendment is not futile, URS Corporation

Southern respectfully requests that the Court grant URS Corporation Southern leave to file the Amended Counterclaim attached to this Motion as Exhibit 1.

## GOOD FAITH CERTIFICATE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel attempted to confer in good faith with counsel for Plaintiffs in an effort to resolve this dispute without Court action. The Plaintiffs have not responded to the undersigned's efforts. Accordingly, the undersigned will file an amended certification once the undersigned receives confirmation from Plaintiffs of whether they intend to oppose URS Corporation Southern's request for leave to amend.

Dated: April 14, 2016.

**SMITH, CURRIE & HANCOCK LLP**

/s/ *Christopher M. Horton*
Brian A. Wolf, Esq.
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

Eugene Polyak, Esq.
Florida Bar No. 60921
Primary E-mail: gpolyak@smithcurrie.com
Secondary E-mail: tbrown@smithcurrie.com

Christopher M. Horton, Esq.
Florida Bar No. 91161
Primary E-mail: cmhorton@smithcurrie.com
Secondary Email: rweiner@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel:      (954) 761-8700
Fax:     (954) 524-6927

*Attorneys for URS Corporation Southern, URS Corporation, and Mark W. Zimpelman*

CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on **April 14, 2016**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

Gary L. Brown
Joshua M. Atlas
ARNSTEIN & LEHR LLP
200 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
glbrown@arnstein.com
jmatlas@arnstein.com

*Attorneys for City of Miami Gardens*

William C. Davell
Christopher D. Barber
MAY, MEACHAM & DAVELL PA
One Financial Plaza, Suite 2602
Ft. Lauderdale, FL 33394
wdavell@mmdpa.com
cbarber@mmdpa.com
lpriddie@mmdpa.com

*Attorneys for Skanska USA Building, Inc.*

**SMITH, CURRIE & HANCOCK LLP**

*/s/ Christopher M. Horton*
Brian A. Wolf, Esq.
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

Eugene Polyak, Esq.
Florida Bar No. 60921
Primary E-mail: gpolyak@smithcurrie.com
Secondary E-mail: tbrown@smithcurrie.com

Christopher M. Horton, Esq.
Florida Bar No. 91161
Primary E-mail: cmhorton@smithcurrie.com
Secondary Email: rweiner@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel: (954) 761-8700
Fax: (954) 524-6927

***Attorneys for URS Corporation Southern, URS Corporation, and Mark W. Zimpelman***