IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CITY OF MIAMI GARDENS, a Florida
municipal corporation, and SKANSKA USA
BUILDING, INC., a foreign corporation,

    Plaintiffs,

v.

URS CORPORATION SOUTHERN, a foreign
corporation, URS CORPORATION, a foreign
corporation, and MARK W. ZIMPELMAN, an
individual,

    Defendants.
_____/

CIVIL ACTION

Case No. 1:15-cv-23334-KMW

## URS CORPORATION SOUTHERN'S MOTION FOR ORDER TO SHOW CAUSE, REQUEST FOR EXPEDITED HEARING UNDER SECTION 119.11(1), FLORIDA STATUTES AND INCORPORATED MEMORANDUM OF LAW

Defendant, URS Corporation Southern ("URS Southern") files this Motion for Order to Show Cause, Request for Expedited Hearing Under Section 119.11(1), Florida Statutes, and Incorporated Memorandum of Law.

1. Pursuant to Count II of URS Southern's Counterclaim [Dkt. 37], URS Southern respectfully requests this Court enter an Order requiring the Plaintiff/Counter-Defendant, City of Miami Gardens (the "City"), to provide access to certain, requested public records or show cause why it has improperly withheld the requested public records from production and set the matter for an immediate hearing for the reasons set forth herein.

2. On or about October 9, 2014, the undersigned attorneys requested that the City, make available for copying and inspection certain public records. A true and correct copy of the request is attached as Exhibit "A".

3. The City denied access to certain requested records and wrongfully claimed invalid and improper exemptions, which are not applicable to the records being withheld. A true and correct copy of the City's log of claimed exemptions is attached as Exhibit "B".

4. URS Southern, through its attorneys, has engaged in discussions and correspondence with the City's attorneys to obtain the requested public records, but to no avail.

5. To date, the City has not provided the public records requested and withheld by the City.

6. The City's continuing refusal to allow access to the requested public records is a refusal to perform an official ministerial duty in violation of section 119.07, Florida Statutes (2007).

7. Accordingly, for the reasons set forth in the incorporated memorandum below, URS SOUTHERN respectfully requests the Court enter an Order directing the City to provide access to the requested public records or show cause why it has improperly withheld the requested public records from production and setting the matter for an immediate hearing.

## INCORPORATED MEMORANDUM OF LAW

**I. UNDER CHAPTER 119, FLORIDA STATUTES, THIS COURT SHOULD DIRECT THE CITY TO PROVIDE ACCESS TO THE REQUESTED PUBLIC RECORDS.**

The general purpose of the Florida Public Records Act (Chapter 119, Florida Statutes) "is to open public records to allow Florida's citizens to discover the actions of their government." *Christy v. Palm Beach County Sheriff's Office*, 698 So. 2d 1365, 1366 (Fla. 4th DCA 1997). The Public Records Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose. *See National Collegiate Athletic Association v. Associated Press.*, 18 So. 3d 1201, 1206 (Fla.1st DCA 2009). Doubt as to the applicability of an exemption is resolved in favor of disclosure

rather than secrecy. *Id.* at 1206. An agency claiming an exemption from disclosure bears the burden of proving the right to an exemption. *See Woolling v. Lamar*, 764 So. 2d 765, 768 (Fla. 5th DCA 2000).

The only basis to deny access to a public record is if it is subject to a constitutional or statutory provision that specifically exempts the record from disclosure. *Hill v. Prudential Ins. Co.,* 701 So. 2d 1218, 1219 (Fla. 1st DCA 1997). Only the Legislature is empowered to enact specific exemptions that protect information contained within otherwise public records. *Wait v. Florida Power & Light Co.,* 372 So. 2d 420, 424 (Fla. 1979). Under section 119.071, Florida Statutes, the legislature has specifically exempted from disclosure certain types of records, including, *inter alia*, work product prepared by an agency attorney or prepared at the express direction of an agency attorney. *See* § 119.071, Fla. Stat.

In the present matter, the City raises a work product exemption to withhold 42 public records from disclosure. These records are primarily communications between the City and co-Plaintiff/Counter-Defendant, Skanska USA Building, Inc. ("Skanska"). Chapter 119 provides a limited statutory exemption for work product of agency attorneys during the pendency of litigation. *See* § 119.071(1)(d), Fla. Stat. (2016). By its express terms, however, the statutory work product exemption only extends to public records "prepared by an agency attorney . . . or prepared at the attorney's express direction" that "reflect[] a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency." § 119.071(1)(d)(1), Fla. Stat.; *see also City of North Miami v. Miami Herald Publishing Company*, 468 So. 2d 218, 219 (Fla. 1985) (noting application of exemption to "government agency, attorney-prepared litigation files during the pendency of litigation"). Communications with third-parties, or documents prepared

3

by third-parties—such as the City's communications with Skanska and Skanska's own counsel—do not qualify for exemption as work product.

Further, the public records claimed as exempt under section 119.071(1)(d) (whether or not the documents were exchanged with Skanska) must be reviewed *in camera* to determine if there are sufficient reasons to *not release* the documents. Where an agency asserts an exemption under section 119.071(1)(d), the public record or part thereof in question must be submitted to the court for an *in camera* inspection. *See* § 119.07(1)(g), Fla. Stat.; *see also Wooling v. Lamar*, 764 So. 2d 765, 768 (Fla. 5th DCA 2000). "In consonance with the principle of free access to public records it is not the purpose of an *in camera* inspection for the court to decide whether there are sufficient reasons to release requested information, but rather to decide whether there are sufficient reasons *not* to release it." *Tribune Co. v. Public Records, P.C.S.O. No. 79-35504 Miller/Jent*, 493 So. 2d 480, 484 (Fla. 2d DCA 1986). Accordingly, any public records that are being withheld from production under the guise of "work product" must be inspected *in camera*.

The City also incorrectly relies on its Joint Defense and Prosecution Agreement with Skanska, to avoid disclosing 32 public records. These public records are communications between the City and Skanska. However, an agency "cannot bargain away its Public Records Act duties with promises of confidentiality in settlement agreements." *The Tribune Company v. Hardee Memorial Hospital*, 1991 WL 235921 (Fla. 10th Cir. Ct. August 26, 1991) (confidentiality provision in a settlement agreement which resolved litigation against a public hospital did not remove the document from the Public Records Act); *see also National Collegiate Athletic Association v. Associated Press*, 18 So. 3d 1201, 1207 (Fla. 1st DCA 2009) ("A public record cannot be transformed into a private record merely because an agent of the

4

government has promised that it will be kept private."). Since the Joint Defense and Prosecution Agreement does not render the public records confidential, the documents must be produced.

Based upon the foregoing, an Order to Show Cause should be issued directing the City to provide access to the requested public records or show cause why URS Southern's petition should not be granted. *See Staton v. McMillan*, 597 So. 2d 940, 942 (Fla. 2d DCA 1992); *see also Lassiter v. Martin*, 99 So. 3d 1000 (Fla. 1st DCA) (recognizing trial court's decision to issue order to show cause concerning section 119.11 claim). Chapter 119 contemplates an immediate hearing in this action to enforce the provisions of Florida's Public Records Act. § 119.11(1), Fla. Stat. (1984) ("Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over pending cases."); *see also Matos v. Office of the State Attorney for the Seventeenth Judicial Circuit*, 80 So. 3d 1149 (Fla. 4th DCA 2012) ("We have held that an immediate hearing does not mean one scheduled within a reasonable time but means what the statute says: immediate.").

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER URS SOUTHERN'S CHAPTER 119 CLAIM.

This Court has supplemental jurisdiction over URS Southern's Chapter 119 claim because the claim is sufficiently related to the other claims that they form part of the same case or controversy. Under 28 U.S.C. § 1367, this Court may apply supplemental jurisdiction if the claim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When considering whether to exercise supplemental jurisdiction over a permissive counterclaim, the court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Moura v. Culinary Advisors, Inc.*, No. 13-cv-80780, 2014 WL 979104, at *1 (S.D. Fla. Mar. 13, 2014).

In 1990, 28 U.S.C. § 1367 codified the common law on supplemental jurisdiction. Prior to 1990, the Eleventh Circuit followed the old rule that federal courts could not consider permissive counterclaims unless there was an independent jurisdictional basis (i.e. federal question or diversity). *See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989). Since, circuit courts have concluded that a trial court may exercise supplemental jurisdiction over a permissive counterclaim under section 1367. *See Global NAPS, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 76 (1st Cir. 2010); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210-13 (2d Cir. 2004); *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996).

Although the Eleventh Circuit has not addressed supplemental jurisdiction under section 1367, there are several district courts within the Eleventh Circuit that have followed the new rule and have exercised supplemental jurisdiction over a permissive counterclaim under section 1367 without an independent jurisdictional basis. *See Cruz v. Winter Garden Realty, LLC*, No. 12-cv-1098-Orl-22KRS 2012 WL 6212909, at *4 (M.D. Fla. Nov. 27, 2012); *Bakewell v. Federal Financial Group, Inc.*, No. 04-cv-3538-JOF, 2006 WL 739807, at *2 (N.D. Ga. Mar. 21, 2006).

A district court can exercise supplemental jurisdiction over a public records claim. *Chen v. Maricopa County*, No. 12-cv-00814-PHX-GMS, 2013 WL 1045484, at *9-10 (D. Ariz. Mar. 14, 2013). In *Chen*, the court examined whether the state law public records claims shared a common nucleus of facts with the federal claims in order to exercise supplemental jurisdiction under section 1367. *Id.* at 9-10. The court determined that the public records claim did share a common nucleus of facts with the remaining claims because the information requested in the public records request was sought to develop the factual basis for the plaintiff's claims. *Id.* at 9.

This case is similar to *Chen*. URS Southern's public records claim is directly related to the City's claims and Skanska's claims against all Defendants. The public records request goes to the heart of the City's and Skanska's claims and damages. The requested records include correspondence and documents exchanged between the City and Skanska regarding the claims at issue and a joint defense agreement entered into between the parties. This is paramount to the case because a majority of the claimed damages by the City arise out of the joint defense agreement. Moreover, the records requested concern the alleged cost increases associated with the job, design revisions and whether they were the fault of Skanska, the contractor, or URS Southern, the designer, and additional information that relates to the construction and design issues in this case.

The factors under section 1367(c) support the Court exercising supplemental jurisdiction. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction…if…the claim raises a novel or complex issue of state law, the claim substantially predominates over the claim or claims over which the district court has original jurisdiction…or in exceptional circumstances, there are other compelling reasons…"). The state-law claims arise out of the same conduct as the claims over which the district court has original jurisdiction—the design and construction of the Municipal Complex. URS Southern's state-law claims do not predominate over the diversity claims because they can be heard by the magistrate through a *in camera* inspection and a hearing. URS Southern's claim does present issues of state law that are addressed supra; however, the issues are not novel or complex.

Exercising supplemental jurisdiction over this claim will also serve the interest of judicial economy because this Court is already briefed on the underlying facts and issues and is already informed to make determinations of privilege. The state court would have to be fully educated on

the underlying facts and issues. Thus, the Court's discretion may be exercised in favor of supplemental jurisdiction.

Exercising supplemental jurisdiction will also promote the interests of fairness to the parties. *See Abby v. Paige*, 2013 WL 141145, at *4 (S.D. Fla. Jan. 11, 2013); *see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342 (11th Cir. 1997) (finding that a court's decision under section 1367 may be influenced by judicial economy, convenience, fairness, and comity). Prior to URS Southern's Rule 7.1 conference with the City regarding this Motion, the City did not raise a jurisdictional argument opposing this claim. The City did not file a motion to dismiss or an affirmative defense raising lack of jurisdiction over the Chapter 119 claim. Had the City raised the jurisdictional issue earlier, the parties could have resolved the issue or the Court could have ruled on the issue in sufficient time for URS Southern to refile the Chapter 119 claim in state Court if the Court declined to exercise supplemental jurisdiction.

The City waited 6 months to raise the jurisdictional issue. Whether or not the City engaged in hard tactics to delay production of records, URS Southern will be unfairly prejudiced if the Court declines jurisdiction. Depositions are around the corner and discovery closes in September. If URS Southern is required to re-file the Chapter 119 claim in state court, then URS Southern may not obtain the documents that the City is wrongfully withholding in time to use the documents for depositions. The City will not suffer any prejudice if the Court exercises its discretion in favor of supplemental jurisdiction.

WHEREFORE, Defendant, URS Corporation Southern, respectfully requests this Court issue an Order for the Plaintiff/Counter-Defendant, City of Miami Gardens, to Show Cause why it has improperly withheld certain public records from production, set this matter for an


immediate hearing pursuant to section 119.11(1), Florida Statutes, and for such other and further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel conferred in good faith with counsel for the City in an effort to resolve this dispute without Court action. The City objects to the relief requested herein.

Respectfully submitted,

**SMITH, CURRIE & HANCOCK LLP**

/s/ *Christopher M. Horton*
Brian A. Wolf, Esq.
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

Eugene Polyak, Esq.
Florida Bar No. 60921
Primary E-mail: gpolyak@smithcurrie.com
Secondary E-mail: tbrown@smithcurrie.com

Christopher M. Horton, Esq.
Florida Bar No. 91161
Primary E-mail: chorton@smithcurrie.com
Secondary Email: rweiner@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel:     (954) 761-8700
Fax:     (954) 524-6927

*Attorneys for URS Corporation Southern, URS Corporation and Mark W. Zimpelman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 20, 2016**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the foregoing document via email transmission on the parties listed below:

Gary L. Brown
Joshua M. Atlas
ARNSTEIN & LEHR LLP
200 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
glbrown@arnstein.com
jmatlas@arnstein.com
lkdunne@arnstein.com
jgutierrez@arnstein.com
FTL-ctdocs@arnstein.com

*Attorneys for City of Miami Gardens*

William C. Davell
Christopher D. Barber
MAY, MEACHAM & DAVELL PA
One Financial Plaza, Suite 2602
Ft. Lauderdale, FL 33394
wdavell@mmdpa.com
cbarber@mmdpa.com
lpriddie@mmdpa.com

*Attorneys for Skanska USA Building, Inc.*

**SMITH, CURRIE & HANCOCK LLP**

/s/ *Christopher M. Horton*
Brian A. Wolf, Esq.
Florida Bar No. 983683
Primary E-mail: bawolf@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

Eugene Polyak, Esq.
Florida Bar No. 60921
Primary E-mail: gpolyak@smithcurrie.com
Secondary E-mail: tbrown@smithcurrie.com

Christopher M. Horton, Esq.
Florida Bar No. 91161
Primary E-mail: cmhorton@smithcurrie.com
Secondary Email: rweiner@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel:     (954) 761-8700
Fax:     (954) 524-6927

***Attorneys for URS Corporation Southern, URS Corporation and Mark W. Zimpelman***