IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CITY OF MIAMI GARDENS, a Florida
municipal corporation, and SKANSKA USA
BUILDING INC., a foreign corporation,

       Plaintiffs,

v.

URS CORPORATION SOUTHERN, a
foreign corporation, URS CORPORATION,
a foreign corporation, and MARK W.
ZIMPELMAN, an individual,

       Defendants.
_____/

CIVIL ACTION

Case No. 1:15cv23334-KMW

URS CORPORATION SOUTHERN, a foreign
corporation,

       Counter-Plaintiff,

v.

CITY OF MIAMI GARDENS, a Florida
municipal corporation,

       Co-Plaintiff/Counter-Defendant.
_____/

## PLAINTIFF CITY OF MIAMI GARDENS' MOTION TO DISMISS COUNT II OF URS CORPORATION SOUTHERN'S COUNTERCLAIM [D.E. 37] FOR LACK OF SUBJECT MATTER JURISDICTION, AND INCORPORATED MEMORANDUM OF LAW

       Plaintiff, City of Miami Gardens (the "City"), by and through their undersigned counsel, and pursuant to Rule 12(b)(1), Fed. R. Civ. P., and Local Rule 7.1, herby files its Motion to Dismiss Count II of URS Corporation Southern's ("URS Corp. Southern") Counterclaim [D.E.

37] for Lack of Subject Matter Jurisdiction, and Incorporated Memorandum of Law, and as grounds therefore states as follows:[1]

## INTRODUCTION

On or about October 9, 2014, URS Corp. Southern's attorneys submitted a public records request to the City for documents related to the Project [D.E. 92-1][2]  Several of the records requested were properly withheld pursuant to applicable statutory exemptions, which are identified in the City's log of claimed exemptions.  [D.E. 92-2]

In count II of its Counterclaim [D.E. 37], URS Corp. Southern purports to state a cause of action for a writ of mandamus and order to show cause to enforce Florida's Public Records Act, Chapter 119, *et seq.*, Florida Statutes ("Ch. 119 Claim") for the City's failure to produce certain documents in response to the October 9, 2014 request by URS Corp. Southern's attorneys. However, URS Corp. Southern cannot establish that the Ch. 119 Claim is sufficiently related to the City's underlying claims concerning the Project to be a compulsory counterclaim or otherwise permit the Court to exercise supplemental jurisdiction over the claim. Accordingly, the Ch. 119 Claim should be dismissed for lack of subject matter jurisdiction.

## LEGAL STANDARD

When a [counter]defendant challenges subject matter jurisdiction, the [counter] plaintiff (as the party asserting the existence of jurisdiction) must bear the burden of establishing jurisdiction.  *Thompson v. Gaskill*, 315 U.S. 442, 446 (1942); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Challenges to subject matter jurisdiction can be raised at any time, even

---

[1]  This motion is being filed simultaneously with the City's Opposition [D.E. 97] to URS Corp. Southern's Motion for Order to Show Cause and Request for Expedited Hearing under Section 119.1(1), Florida Statutes [D.E. 92]. The arguments set forth in the Opposition as to subject matter jurisdiction are largely the same as herein and should be considered together.

[2] URS Corp. Southern's attorneys make no mention in the request that it was submitted on behalf of URS Corp. Southern.

after a final judgment has been entered. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A party cannot waive or forfeit the requirement of subject matter jurisdiction. *Arbaugh*, 546 U.S at 514. *See also Ledford v. Peeples*, 605 F.3d 871, 902 n. 85 (11th Cir. 2010).

In *Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012), Judge Ungaro articulately stated the standard for a Motion to Dismiss pursuant to Rule 12(b)(1) Fed.R.Civ.P.:

> A motion to dismiss for lack of standing is one attacking the Court's subject matter jurisdiction, therefore it is appropriately brought under Fed.R.Civ.P. 12(b)(1). *See Doe v. Pryor,* 344 F.3d 1282, 1284 (11th Cir.2003). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A Fed.R.Civ.P. 12(b)(1) motion can be made in the way of a "facial attack" on the complaint" which "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (citations omitted). In the alternative, a defendant may raise a "factual attack" which challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.* at 1529. Because a factual Rule 12(b)(1) motion challenges the court's power to hear the claim, the court must closely examine the plaintiff's factual allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* The court is not limited to the four corners of the complaint, and it may consider materials outside of the pleadings to determine whether or not it has jurisdiction. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating itself the merits of jurisdictional claims." *Id.*

*Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827, at *1 (S.D. Fla. Oct. 18, 2012)

In sum, a district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the court's resolution of disputed facts. *Case v. Miami Beach Healthcare Grp., Ltd.*, No. 14-24583-CIV, 2016 WL 1622289, at *2 (S.D. Fla. Feb. 26, 2016).

## ARGUMENT

This action was removed by Defendants pursuant to a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. [D. E. 1][3]  In order for the Court's existing diversity jurisdiction to carry over to the Ch. 119 Claim, it must be a compulsory counterclaim. *East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir.1989).  If it is not, the claim must have an independent basis for jurisdiction based upon a federal question or diversity jurisdiction. *Id.*   Because the Ch. 119 Claim is not a compulsory counterclaim and does not have an independent basis for jurisdiction, the Court lacks subject matter jurisdiction over the claim.

   a. The Ch. 119 Claim is a permissive counterclaim because it does not arise out of the City's original claims.

A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The test the court uses to determine whether the City's original claims and URS Corp. Southern's Ch. 119 Claim arise from the same transaction or occurrence is the "logical relationship" test. *See Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).  Under that test, a logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant." *Bakewell v. Federal Fin. Group, Inc.*, No. 1:04-CV-3538-JOF, 2006 U.S. Dist. LEXIS 23073, 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006).  URS Corp. Southern cannot prove that the operative facts for the Ch. 119 Claim are the same or so related to the City's original claims concerning URS Corp. Southern's deficient design services on the Project.  Instead, the opposite is true.  Whether or not the records were produced, or whether or

---

[3] None of Plaintiffs' claims against the Defendants involve a federal question.

not they are subject to a statutory exemption from the Public Records Law has no bearing on the underlying Project dispute. The fact that the records at issue merely relate to the Project is not germane. The question is whether the alleged violation of chapter 119, Florida Statutes, has a "logical relationship" to the underlying claims of the City. Cleary, it does not. The claims are totally separate and distinct because whether URS Corp. Southern improperly designed the Project has nothing to do with whether the City properly or improperly withheld public records in violation of chapter 119, Florida Statutes. Thus, the Ch. 119 Claim is not compulsory but is instead a permissive counterclaim. Therefore, in order to establish jurisdiction, URS Corp. Southern must demonstrate that the claim involves a federal question or independently establish diversity jurisdiction. *See E.-Bibb Twiggs Neighborhood Ass'n*, 888 F.2d 1576 at 1578.

    b.  <u>The Court does not have supplemental jurisdiction.</u>

In its Motion for Order to Show Cause, Request for Expedited Hearing Under Section 119.11(1), Florida Statutes and Incorporated Memorandum of Law (the "Motion"), URS Corp. Southern asserts that the Court may exercise supplemental jurisdiction over the Ch. 119 Claim. [Motion, p. 5; D.E. 92] To establish that it is appropriate to exercise supplemental jurisdiction over Count II of the counterclaim, URS Corp. Southern must prove that its claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See E.-Bibb Twiggs Neighborhood Ass'n*, 888 F.2d 1576 at 1578. In determining whether state law claims "are so related" to a federal claim, the court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir.1996). The pivotal question the Court must answer is whether URS Corp. Southern can establish that the City's design defect and related indemnity claims and the

Ch. 119 Claim arise out of a common nucleus of operative facts.  Clearly, they do not. Whether the public records were or were not produced, or whether they are or are not subject to statutory exemption from production, does not in any way involve the same facts, similar occurrences, witnesses or evidence.[4]  Accordingly, URS Corp. Southern cannot establish supplemental jurisdiction.

In it's Motion, URS Corp. Southern relies on *Chen v. Maricopa County*, No. 12-CV-00814-PHX-GMS, 2013 WL 1045484 (U.S.D.C.- D.Arizona, March 14, 2013), a single, unreported and non-controlling case from Arizona to establish that a public records request can meet the requirements for supplemental jurisdiction when brought in conjunction with a diversity claim.  However, this holding has not been cited by any other courts, and the City's research has not revealed any other jurisdictions that follow this ruling.  Further, *Chen* is distinguishable.  The plaintiff there requested emails which were public records that formed the basis for federal claims for First Amendment retaliation, a federal question.  *Id.* at *9.  Based upon those facts, the court found that there was a common nucleus of operative facts.  In contrast, URS Corp. Southern cannot prove that the documents requested are so related to the City's underlying claims that they form part of the same case or controversy.  Accordingly, *Chen* is not persuasive and should not be followed by this Court.

Since the Ch. 119 Claim is permissive rather than compulsory, the Court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court. *See E.-Bibb Twiggs Neighborhood Ass'n*, 888 F.2d 1576 at 1578.  Since the Ch. 119 Claim arises under Florida law, no federal question is

---

[4] The City questions whether the Ch. 119 Claim even involves the same parties. As stated above, URS Corp. Southern's attorneys, not URS Corp. Southern, made the public records request.  *See* footnote 2.

presented. And because the claim does not seek monetary damages, it cannot meet the $75,000 threshold required for diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, there is no basis for supplemental jurisdiction. Without any basis for jurisdiction, the Court cannot hear the Ch. 119 Claim.

    c. <u>URS Corp. Southern will not suffer any prejudice by dismissal.</u>

URS Corp. Southern cannot argue that they will be prejudiced by dismissal. If the Ch. 119 Claim is dismissed, they (or their counsel), would be permitted to file the claim in state court. Under 28 U.S.C. §1367(d), the period of limitations for any claim dismissed under §1367(a) is tolled while the claim is pending in federal court and for a period of 30 days after dismissal. *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2012 WL 6212909 (M.D. Fla. Nov. 27, 2012); *Pontier v. City of Clearwater*, 881 F. Supp. 1565 (M.D. Fla. 1995). Therefore, there would be no limitations bar to bringing the Ch. 119 Claim in state court, where it belongs.

URS Corp. Southern also cannot argue that the delay associated with dismissal of the Ch. 119 Claim here would cause any prejudice. URS Corp. Southern chose to remove its Ch. 119 Claim to a court without jurisdiction. Further, it waited six months to demand an expedited hearing to address the City's claimed exemptions. Therefore, any alleged prejudice due to upcoming deadlines in this matter was created by URS Corp. Southern's own delay, not by the City.

## **CONCLUSION**

Based on the foregoing, the Court lacks subject matter jurisdiction over the Ch. 119 Claim because it is a permissive counterclaim over which the Court cannot exercise

supplemental jurisdiction. Accordingly, the Court should dismiss Count II of URS Corp. Southern's counterclaim.

WHEREFORE, Plaintiff/Counter-Defendant, City of Miami Gardens, respectfully requests that this Honorable Court dismiss Count II of Defendant/Counter-Plaintiff URS Corp. Southern's counterclaim, and grant such other relief the Court deems just and equitable.

Dated: June 6, 2016.

      ARNSTEIN & LEHR LLP
      *Counsel for Plaintiff, City of Miami Gardens*
      200 E. Las Olas Blvd., Suite 1000
      Ft. Lauderdale, FL 33301
      Telephone:     954-713-7600
      Facsimile:     954-713-7700
      Email:         glbrown@arnstein.com
                    jmatlas@arnstein.com
                    lkdunne@arnstein.com
                    mthompson@arnstein.com
                    FTL-ctdocs@arnstein.com

By: /s/ Gary L. Brown
     Gary L. Brown
     Florida Bar No. 0054585
     Joshua M. Atlas
     Florida Bar No. 0790761

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by E-mail on June 6, 2016 on all counsel or parties of record on the Service List below.

/s/ Gary L. Brown
Gary L. Brown

**SERVICE LIST**

Brian A. Wolf, Esq.
Gene Polyak, Esq.
Christopher M. Horton, Esq.
**SMITH, CURRIE & HANCOCK LLP**
101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, FL 33301
E-mail: bawolf@smithcurrie.com
E-mail: cmhorton@smithcurrie.com
E-mail: gpolyak@smithcurrie.com
E-mail: rweiner@smithcurrie.com
E-mail: tbrown@smithcurrie.com
E-mail: lcherubin@smithcurrie.com
E-mail: ftlpleadings@smithcurrie.com
*Counsel for Mark W. Zimpelman, URS Corp. Southern and URS Corp.*

William Davell, Esq.
Christopher D. Barber, Esq.
**MAY, MEACHAM & DAVELL PA**
One Financial Plaza, Suite 2602
Ft. Lauderdale, FL 33394
Telephone: 954-763-6006
Facsimile:
Email:  wdavell@mmdpa.com
Email:  cbarber@mmdpa.com
Email:  lpriddie@mmdpa.com
*Counsel for Skanska USA Building Inc.*