IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23334-CIV-WILLIAMS/SIMONTON

**CITY OF MIAMI GARDENS**, a Florida
municipal corporation, and **SKANSKA USA
BUILDING, INC.**, a foreign corporation,

    Plaintiffs,

v.

**URS CORPORATION SOUTHERN**, a foreign
corporation, **URS CORPORATION**, a foreign
corporation, and **MARK W. ZIMPELMAN**, an
individual,

    Defendants.

_____/

## ORDER FOLLOWING DISCOVERY HEARING

This matter was before the Court for a discovery hearing July 6, 2016, pursuant to the URS Corporation Southern's (URS) Motion for Order to Show Cause, Request for Expedited Hearing Under Section 119.11(1), and Incorporated Memorandum of Law, ECF No. [92], which was converted to a Motion to Compel and referred to the undersigned Magistrate judge by the Omnibus Order, ECF No. [100]. The Honorable Kathleen M. Williams, the District Judge assigned to the case, has referred all discovery matters to the undersigned Magistrate Judge, ECF No. [19].

    I.    **BACKGROUND**

This case involves a dispute over the design and construction of a municipal complex for the City of Miami Gardens. In general terms, according to the operative Second Amended Complaint, Plaintiffs City of Miami Gardens (the "City") and Skanska USA Building, Inc., ("Skanska") the general contractor hired with respect to the construction of a municipal complex, have filed this lawsuit against the URS entities that contracted to provide the architectural, engineering and professional design services for

the complex, as well as Defendant Zimpelman, the engineer responsible for the structural design for the project, ECF No. [102].

II. **DISCOVERY ISSUES**

A. **Requests for Production of Documents:**

URS seeks to compel the production of documents responsive to its public records request for two main categories:

i. All records concerning any communications or discussions between the City and Skanska relating to any contract modifications, change orders, scope changes, time extensions, equitable adjustments, claims or settlements on the Project, including but not limited to emails, correspondence, meeting minutes, reports, summaries, notes diaries and calendar entries.

ii. All records concerning or comprising any Skanska-related contract modifications, change orders, scope changes, time extensions, equitable adjustments, claims or settlements on the Project.

In response to the request, the City submitted an "Exemption" log asserting that certain documents are protected by the work product doctrine, joint defense privilege, and/or attorney-client privilege.

URS claims that the exemption log is deficient because it fails to provide any description of the subject and substance of each of the communications. URS also claims that those documents being withheld based on work-product and joint defense privilege are not protected simply because the parties to a joint defense agreement exchange the document. Further, URS asserts that the City needs to identify the attorney as either the sender or recipient of the communication in order to assert attorney-client privilege.

The City asserts that the exemption log is sufficient as an exemption log as Section 119.071, Florida Statutes does not require the same level of detail required under a privilege log.  Further, the City asserts that they have not waived any privilege as related to its communication with Skanska.

The parties agreed that because these requests are now being considered as discovery requests that are subject to the Federal Rules of Civil Procedure, the exemption log is insufficient.  The City stated that it was waiting until all ESI production had been completed to provide a comprehensive privilege log.  The undersigned has rejected this approach, and has required that a privilege log be provided with respect to those items contained in the "exemption log," in accordance with the procedures set forth below.

The undersigned reserves ruling regarding whether the joint interest agreement protects the disclosure of the communications URS is seeking.  However, on or before July 19, 2016, the Plaintiff shall provide a privilege log regarding the documents being withheld, noting the basis of privilege, the parties to those communications, and a general description of the communication, and all other information required by Local Rule 26.1(e)(2)(B).

 Additionally, on or before July 22, 2016, the City shall provide all contested documents (or an agreed upon sampling of the documents) for *in camera* review along with an affidavit supporting the privilege asserted by the City to the undersigned via email.  The City shall also provide a memorandum of law regarding its objections, including the joint interest privilege, to the undersigned through email on the same date.

URS's response to the memorandum of law shall be due on or before August 5, 2016 and the City's reply shall be due on or before August 12, 2016.  This matter is set for a hearing regarding any unresolved privilege issues before the undersigned on August 18, 2016, at 2:00 p.m.

3

B. <u>Requests for Admission:</u>

In response to several requests for admission, the City stated that the requests were "denied as phrased." The City then referenced documents qualifying the City's response. URS asserts that the City's responses do not comport with Federal Rule of Civil Procedure 36(a)(4) as the responses do not fairly respond to the requests. The City asserts that URS incorrectly or unfairly paraphrases certain documents and then asks the City to admit the same. Additionally, the City asserts that several of the requests reference a proposal from Skanska to the City without reference to a timeframe, and therefore the City is unable to determine which proposal is referenced by URS.

The undersigned advised the City that it is appropriate to request clarification where there is an ambiguity of a term used in a request, but simply objecting by stating "denied as phrased" is not an appropriate response to the requests for admissions. For requests for admissions 6, 9, 24, 25 and 41 the City has agreed to provide revised responses to URS on before July 20, 2016.

As related to requests for admission 11, 12, 13, 14, 15, 16, 17, 19, 21, and 23, the City stated at the hearing that it was unable to respond to the requests as it was not able accurately determine the document or date of the occurrence referenced in the request. URS has agreed to revise the requests to refer to a specific date or event. The City shall respond to the revised request within seven (7) days thereafter.

As to request for admission number 27, the parties agreed at the hearing that the City's response would stand as phrased.

4

### III.     CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUGED** that URS' Motion for Order to Show Cause, ECF No. [92], is denied as moot without prejudice, as this matter is being handled pursuant to the discovery procedures of the undersigned Magistrate Judge.

**It is further ORDERED** that on or before July 22, 2016, the City shall provide all contested documents referenced in its exemption log (or an agreed upon sampling of the documents) along with an affidavit supporting the privilege and a memorandum of law regarding its objections to URS's request for production of documents to the undersigned's email box (simonton@flsd.uscourts.gov).  The affidavit and memorandum of law shall be served on opposing counsel, but the documents will be reviewed by the Court *in camera*.

**It is further ORDERED** that URS's response to the memorandum of law shall be due August 5, 2016.  The City's reply shall be due August 12, 2016.

**It is further ORDERED** that a hearing regarding unresolved privilege issues is set before the undersigned on August 18, 2016, at 2:00 p.m., in Courtroom 6 of the James Lawrence King Federal Justice Building, at 99 NE 4th St., Miami, Florida 33132.

**It is further ORDERED** that the City shall provide revised response to URS's requests for admissions 6, 9, 24, 25 and 41 on or before July 20, 2016.

**It is further ORDERED** that URS shall revise request for admissions 11, 12, 13, 14, 15, 16, 17, 19, 21, and 23, and the City shall respond to the revised requests within seven (7) days of receipt of the revised requests.

The parties may extend the above deadlines by agreement, without obtaining a Court Order. Nothing in this Order affects any deadlines established by the District Judge.

**DONE AND ORDERED** in Miami, Florida, in chambers, on July 13th, 2016.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Kathleen M. Williams
All counsel of record via CM/ECF